**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **EASYGROUP LTD**,<br>a United Kingdom corporation,<br><br>Plaintiff,<br><br>v.<br><br>**EASYWAY-SBH**, a St. Barthélemy company,<br><br>Defendant. | CIVIL No.:<br><br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT; INJUNCTIVE RELIEF AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

## <u>COMPLAINT</u>

**TO THE HONORABLE COURT:**

**COMES NOW**, Plaintiff, easyGroup LTD f/k/a easyGroup IP Licensing Ltd. ("easyGroup" or "Plaintiff"), by and through its undersigned counsel, hereby sues Defendant, Easyway-SBH (Easyway-SBH referred to as "Defendant"), and respectfully, alleges, states and prays as follows:

### I.      NATURE OF ACTION

1.      This is an action in law and equity for trademark infringement, common law trademark infringement, false designation of origin, and unfair competition, in violation of Section 42 of the Lanham Act of 1946, as amended, 15 U.S.C. § 1051, *et seq*., and the Puerto Rico Trademark Act, P.R. Laws Ann. Tit. 10, § 223 et seq.

### II.      THE PARTIES

2.      Plaintiff, easyGroup, is a corporation organized under the laws of the United Kingdom.

3.      Easyway-SBH is a corporation organized under the laws of the St. Barthélemy, with a principal office at Airport Remy De Hannen, 1st Floor, St. Jean 97133 St. Barthélemy.

#44669569 v1

### III.     JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1338(a) (acts of Congress relating to trademarks), 28 U.S.C. § 1338(b) (pendant unfair competition claims) and 28 U.S.C. § 1367 (supplemental jurisdiction). Furthermore, Plaintiff has directed and offered sales and services in Puerto Rico and purposefully availed itself of the laws of this territory.

5.      The venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant has taken actions which have caused injuries in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

6.      Defendant is subject to the personal jurisdiction of this Court. Among other things, Defendant or its representatives, advertise, sell, and offer services in San Juan, Puerto Rico. Furthermore, Defendant advertised personal services to customers in San Juan, Puerto Rico by its direct agents whom it presumably compensates for these services.

### IV.     FACTS

**A.  *easyGroup and the easyGroup family of marks.***

7.      Plaintiff easyGroup is a corporation organized in the United Kingdom to manage and license an international family of marks beginning with the prefix "easy". easyGroup licenses these trademarks to companies around the world.

8.      easyGroup owns numerous trademark registrations beginning with the prefix "easy" worldwide for a large variety of goods and services.

9.      In the United States, easyGroup owns 21 federal trademark registrations, which are listed below (hereinafter collectively referred to as the "Easy Marks"):

2

| Serial No. | Registration No. | Trademark |
|---|---|---|
| 87146197 | 5915181 | EASYWATCH.COM |
| 87144337 | 5816354 | EASYLAND |
| 87136730 | 5758042 | EASYCINEMA |
| 87144305 | 5706561 | EASYKIOSK |
| 87146275 | 5672095 | EASYTRUCK |
| 87535672 | 5548544 | EASYHOTEL |
| 87165841 | 5483502 | EASYJET<br><br>EASYJET.COM |
| 87138167 | 5483482 | EASYCRUISE |
| 87136788 | 5483480 | EASYJETHOLIDAYS |
| 87136758 | 5483479 | EASYINTERNETCAFE |
| 87136710 | 5483478 | EASYATLANTIC |
| 87119875 | 5483459 | EASYAIR |
| 87119844 | 5483458 | EASYFLY |
| 85579925 | 4356384 | EASYBUS |
| 85616949 | 4416807 | EASY |
| 78467389 | 3147540 | EASYJET |
| 78191157 | 2831948 | EASYCAR |
| 77912940 | 4051278 | EASYJET |
| 77284909 | 3507427 | EASYROOMMATE |
| 76460480 | 3155481 | EASYBUS |

| 75235803 | 2197131 | EASYJET |
|----------|---------|---------|

10.     In addition to the foregoing registrations, easyGroup owns a pending application for EASYMONEY (88060804) for, among other things, money machines, financial services, and banking.

11.     easyGroup also owns another application for EASYSKY (87119819) for, among other things, advertising and coordinating travel arrangements.

12.     The Easy Marks specifically include:

a.     **easy** (Reg. No. 4416807), registered on October 15, 2013, in class 39 for the following:

  i.     Transportation of goods, passengers and travellers by air; airline and shipping services; airport check-in services, namely, airport baggage check-in services, airport passenger check-in services, or airline check-in services; arranging of transportation of passengers and travellers by land, namely, making reservations and bookings for transportation of passengers and travellers by land; airline transportation services; bus transport services; transportation services, namely, checking of baggage; cargo handling; freight services, namely, freight forwarding services and freight loading services; arranging, operating and providing facilities for cruises, tours, excursions and vacations, namely, arranging travel tours, cruises, excursions and vacations, organization, booking and arrangement of excursions, day trips and sightseeing tours, tour guide services, travel, excursion and cruise arrangement; chartering of aircraft; rental and hire of aircraft, vehicles and boats; aircraft parking services; travel booking agency and tourist office services; advisory and information services relating to the aforesaid services; information services relating to transportation services, including information services provided on-line from a computer database or the Internet.

b.     EASYJET (Reg. No. 2197131), registered on October 20, 1998, in class 39 for the following:

  i.     Air transportation; travel agency services, namely, making reservations and bookings for transportation; arranging travel tours.

    c.  EASYHOTEL (Reg. No. 5548544), first used on August 30, 2005, in class 43, for the following:

        i.  for temporary accommodation; catering, hotel, restaurant, cafe and bar services; bistro services; snack bar services; arranging temporary accommodation, operating and providing hotel accommodation; reservation services for hotel accommodation; computerised hotel reservation services; accommodation room hire services; provision of general purpose facilities and amenities all for conferences, seminars and banquettes; reservation services for all the aforesaid services; providing food and drink; provision of temporary holiday accommodation; booking and reservation services for restaurants and temporary holiday accommodation; providing information in the field of temporary accommodations and lodgings; providing bookings for travel, namely, making bookings for temporary lodging; travel agency services, namely, making reservations and booking temporary lodging; information services relating to travel lodging booking services provided on-line from a computer database or the Internet; providing a website for the arrangement and booking of temporary lodging for travel.

13.    easyGroup has consistently used the EASYJET mark in the U.S. since at least as early as 2005.

14.    easyGroup operates various websites where U.S. customers can purchase travel services and learn about the easy family of brands at: https://www.easyjet.com/us/:



15.    easyGroup operates a website where PR customers can purchase travel services and learn about the easy family of brands at: https://easy.com.pr:



And at https://easy.com/:



And at  https://easyfly-usa.us/:



16.     easyGroup and its licensees spend hundreds of thousands of dollars every year promoting the Easy Marks and building easyGroup's goodwill in the marks.

17.     easyGroup sells air passage to thousands of Americans through travel agents and through its websites which include easyjet.com/US, easyfly-usa.us, easyAir.com, https://easy.com.pr, and easy.com.

18.     As a result of its significant marketing efforts, the Easy Marks have become famous and well known in the United States and in many other countries.

7

19.     The Easy Marks have developed substantial and valuable goodwill. As a result, easyGroup has developed widespread recognition and secondary meaning among the trade and consuming public in the Easy Marks, namely EASYJET in the United States.

20.     The strongest reputation enjoyed by easyGroup is in relation to air travel services, owing to the airline "easyJet". Of the above marks, easyJet has the most significant and longstanding reputation for aviation services, but all of the above marks are registered for such services.

21.     easyJet is one of the largest and best-known airlines in the world, operating in over 30 countries and carrying about 100 million passengers a year. The www.easyjet.com website receives over 200 million customer visits a year.

**B.   Defendant's use of the EASYWAY mark to promote and offer travel and concierge services in San Juan, Puerto Rico, creates a likelihood of confusion with the Easy Marks.**

22.     Defendant Easyway-SBH is a travel agency that operates travel services to and from St. Barthélemy (popularly known as St. Barts).

23.     The services provided include, among others, meet and greet services for travelers, luggage handling, travel bookings, hotel bookings, and plane, boat, and helicopter charters.

24.     Defendant advertises and promotes its services using the word mark EASYWAY and the graphic mark  .

25.     Defendant, with apparent intent to foster confusion, adopted the lower-case lettering used by easyGroup for rendering the infringing mark.

26.     Defendant operates a website promoting services in San Juan, Puerto Rico, where they clearly show the confusingly similar mark:



27.     Defendant provides services and maintains agents at Luis Muñoz Marín International Airport, San Juan, Puerto Rico.

28.     Defendant's website states, in relevant part, that:

**Our Team** offers personalized assistance upon your arrival in San Juan.

With the VIP Service, you are greeted at the plane and escorted directly through to the appropriate departure gate, eliminating the need to exit and re-enter security.

Baggage is retrieved and checked-in on your connecting flight to St Barth by **our handling agent.**

**Agents in San Juan** advise agents in St Barth when the plane takes off and all information about checked bags and aircraft details.

*   *   *

You will be met at the plane by a **VIP agent** who will offer help carrying your hand luggage, escort you through passport control and to baggage claim. He will then introduce you to your representative outside arrival doors and will assist once more with bag handling. *See*: https://www.easyway-sbh.com/EN/vip-services-san-juan-puerto-rico.php.

29.     Defendant, therefore, advertises and sells services in San Juan, Puerto Rico using the EASYWAY mark.

30.     San Juan is one of two ports from which all U.S. travelers serviced by Defendant originate.

31.     Defendant's website is accessible from anywhere in the world, including from San, Juan, Puerto Rico.

**C. Damages and injunctive relief are needed and justified to make Plaintiff whole and to prevent irreparable harm to the EASY Marks.**

32.     The EASYWAY mark used by Defendant is a clear imitation and is confusingly similar to the Easy Marks owned by easyGroup.

33.     The Defendant's EASYWAY mark is particularly confusingly similar to Plaintiff's Easy Marks related to travel-related marks like EASYJET, EASYCRUISE, EASY, and EASYHOTEL.

34.     Defendant was on notice of the EASY Marks in the United States through the federal registrations of the Plaintiff's marks.

35.     Defendant also does business in Europe and had reason to know of the Easy Marks.

36.     By using the EASYWAY mark in the United States, Defendant is causing irreparable harm to the Plaintiff's marks, including but not limited to EASY, EASYJET, and EASYHOTEL marks, as well as, to the entire family of Easy Marks.

37.     Defendant's use of the "EASYWAY" designation is likely to cause likelihood of confusion regarding the source of Defendant's services, as well as confusion about whether Plaintiff has endorsed or is otherwise associated with Defendant's services.

38.     Such confusion is likely to occur as a result of, *inter alia*, the similarity of the infringing EASYWAY mark used by Defendant and the EASY Marks including EASYJET and EASYHOTEL marks owned by easyGroup.

39.     Confusion is further likely to occur because of, without limitation, the identical channels of trade in which the services sold by Plaintiff in connection with the EASY travel marks, including EASYJET and EASYHOTEL, and services sold and/or marketed by Defendant under the infringing EASYWAY name; the identity of the distribution channels for Plaintiff's services and Defendant's services; the substantial overlap of marketing for Plaintiff's services and Defendant's services; and the commonality of customers for Plaintiff's services and Defendant's services.

40.     As a result of Defendant's willful and unauthorized use of the EASYWAY name, Defendant is misrepresenting its goods and/or services marketed or sold in connection with, or reflecting, the EASYWAY name as goods and/or services created or endorsed by Plaintiff, or that Plaintiff is otherwise associated with Defendant's goods and/or services, thus causing confusion among relevant consumers.  Consumers will falsely believe that Plaintiff has created, endorsed, or is otherwise associated with Defendant's goods and/or services and/or that Defendant's use of the EASYWAY name is with the authority of Plaintiff.

41.     The risk of irreparable harm is rendered even more severe due to the fact that travel services and air carriage are viewed by consumers as an industry requiring a high level of safety and technical care. If the accused mark is associated with a disaster or other travel-related problem, it would undermine traveler confidence in the Easy Marks.

42.     Defendant is aware of these risks and Plaintiff's superior rights yet has still chosen to engage in this use knowingly and with intent.

43.     Plaintiff believes that if Defendant is not enjoined from such conduct, its actions could cause irreparable harm to easyGroup's reputation and the valuable goodwill in the Easy Marks. Once consumers' confidence has been lost, it will be impossible to recover their trust.

44.     If consumers cannot trust and rely on the authenticity of marketing materials bearing the Easy Marks, they will choose to send their business elsewhere.

45.     easyGroup needs injunctive relief to stop the infringement of its famous marks.

46.     easyGroup has been forced to retain counsel and incur legal fees and costs as a result of the actions of Defendant.

47.     All conditions precedent to the filing of this action have either been met or have been waived by the parties.

**COUNT I**
**INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK**
**Against Defendant**

48.     Plaintiff readopts and re-alleges all the allegations contained in paragraphs 1 through 47 as if fully recited herein.

49.     This is a claim by Plaintiff against Defendant for infringement of federally registered trademarks arising under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

50.     Defendant's activities, through the direct and indirect offering of and profiting from travel and airline agency services in the United States, using the infringing mark EASYWAY, as alleged above, constitutes direct and/or contributory infringement of Plaintiff's Easy Marks, including the EASY, EASYJET and EASYHOTEL marks, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, all to the substantial and irreparable injury of the public and Plaintiff's business reputation and goodwill.

51.     By such wrongful acts, Defendant has caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and the goodwill

12

associated with Plaintiff's Easy Marks, including diversion of customers from Plaintiff, lost royalties, lost sales and lost profits, and Defendant will be unjustly enriched.

52.     Unless enjoined, Defendant will continue its unlawful conduct to the irreparable harm of easyGroup's trademarks and related goodwill.

53.     Plaintiff has no adequate remedy at law.

54.     Defendant's acts are willful, intentional, and egregious and make this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

**COUNT II**
**FEDERAL UNFAIR COMPETITION**
**AND FALSE DESIGNATION OF ORIGIN**
**Against Defendant**

55.     Plaintiff readopts and re-alleges all the allegations contained in paragraphs 1 through 47 as if fully recited herein.

56.     This is a claim by Plaintiff for unfair competition  and false designation of origin arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57.     Plaintiff's use of the Easy Marks, including EASYJET, is such that these marks have become impressed upon the minds of the trade and consuming public as identifying the services of Plaintiff, and as indicating the source of origin of the subject services as coming from Plaintiff.

58.     Defendant's activities, as alleged, constitute an infringement of Plaintiff's trademarks, false designation of origin, false representation, and false description, all to the substantial and irreparable injury of the public, of Plaintiff's trademarks, and Plaintiff's business reputations and goodwill.

59.     Through the unauthorized use of the EASYWAY mark, Defendant has caused, and continues to cause, a likelihood of confusion, mistake, and/or deception as to the affiliation,

connection, or association of Defendant's purported services with Plaintiff. Furthermore, the use of the EASYWAY trademark by Defendant is likely to cause confusion, mistake, and/or deception as to the origin, sponsorship, or approval of Defendant's services by Plaintiff.

60.     Defendant's conduct has deceived or is likely to deceive, and unless restrained will continue to deceive or confuse the consumers and the public at large.

61.     By such wrongful acts, Defendant has caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and the goodwill associated with Plaintiff's Easy Marks, including diversion of customers from Plaintiff, lost sales, and lost profits, and Defendant will be unjustly enriched.

62.     Defendant's conduct has been designed to limit the competition it receives receive from Plaintiff, as well as to unfairly compete with Plaintiff by latching onto the goodwill of Plaintiff's Easy Marks and by creating false and misleading associations.

63.     Defendant's actions are likely to cause mistake, deceive as to the affiliation, connection, and association with Plaintiff, its trademarks, and its goods and services, and likely to deceive as to the origin, sponsorship, and approval of Defendant's goods and services by Plaintiff.

64.     Unless enjoined, Defendant will continue its unlawful conduct to the irreparable harm of easyGroup's trademarks and related goodwill.

65.     Plaintiff has no adequate remedy at law.

66.     Defendant's acts are willful, intentional, and egregious and make this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT III
## TRADEMARK INFRINGEMENT IN VIOLATION OF
## PUERTO RICO TRADEMARK ACT, P.R. LAWS ANN. TIT. 10, § 223w
### Against Defendant

67.     Plaintiff readopts and re-alleges all the allegations contained in paragraphs 1 through 47 as if fully recited herein.

68.     This is a claim for trademark infringement arising under the Puerto Rico Trademark Act of 2009, P.R. Laws Ann. Tit. 10, § 223w.

69.     By virtue of having used and continuing to use the Easy Marks in Puerto Rico, Plaintiff has acquired common law rights in the trademarks.

70.     Defendant's use of the Easy Marks infringed the Plaintiff's common law rights in the Easy Marks and is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendant's services originate, from or are affiliated with or endorsed by Plaintiff, when, in fact, they are not.

71.     As the direct and proximate result of Defendant's infringement of Planitiff's trademark rights under Puerto Rico and other common law, Plaintiff has suffered and will continue to suffer irreparable injury to its business, reputation, and goodwill.

72.     Unless enjoined, Defendant will continue its unlawful conduct to the irreparable harm of easyGroup's Easy Marks and related goodwill.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays:

(1)     That a preliminary and permanent injunction issue, pursuant to Section 42 of the Lanham Act, 15 U.S.C. §§ 1124 and 1125, Puerto Rico Trademark Act, P.R. Laws Ann. Tit. 10, § 223w, and the equitable power of this Court to enforce the laws of Puerto Rico, restraining

Defendant, its agents, servants, partners, representatives, employees, successors and assigns, and all others in concert and privity with them from:

(a)     Directly or indirectly making any use related to transportation, travel, and tour services (including concierge services and the flying of planes branded with the infringing mark into or out of a domestic airport), and/or causing, aiding, abetting or contributing to the actions of others in using in relation to such services and for any other service for which the easyGroup marks are registered in the United States:

       i.     Any trademark which includes the word "easy" or which is otherwise confusingly similar to Plaintiff's Mark and its associated designs; and

      ii.     Any advertisements or promotional materials or other items, digital or otherwise that are labeled with or contain trademark designs prohibited in i. above; and

     iii.     Operating any location in Puerto Rico or a website promoting services in Puerto Rico or targeting customers in Puerto Rico or anywhere in the United States that uses a trademark that includes the word "easy" or which uses the word easy to create confusion with any of the easyGroup registered marks.

(b)     Directly or indirectly infringing Plaintiff's trademarks; and

(c)     Directly or indirectly seeking to register trademarks which are confusingly similar to Plaintiff's trademarks; and

(d)     Directly or indirectly seeking to register domains for transportation, travel, or tour sites which include the word "easy"; and

(e)     Unfairly competing with Plaintiff; and

(f)     Falsely claiming any affiliation with Plaintiff.

(2)     That Defendant be required to account to Plaintiff for Defendant' profits and the actual damages suffered by Plaintiff as a result of Defendant' acts of infringement, false designation of origin, and unfair competition together with interest, that Plaintiff's recoveries be enhanced and/or trebled, and that prejudgment interest be awarded, pursuant to Section 43 of the Lanham Act, 15 U.S.C. §§ 1117 and 1125, and Puerto Rico Trademark Act, P.R. Laws Ann. Tit. 10, § 223w;

(3)     That Defendant be required to pay statutory damages to Plaintiff pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c);

(4)     That Defendant be required to recall from distribution and surrender for destruction all products, order forms, price lists, labels, advertisements, brochures, catalogs, packaging materials and other materials incorporating or imitating Plaintiff's trademarks pursuant to Sections 36 and 43 of the Lanham Act, 15. U.S.C. §§ 1118 and 1125, and the equitable power of this Court to enforce the law of Puerto Rico;

(5)     That Defendant be required to pay Plaintiff's attorneys' fees, together with costs of this suit, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117); and

(6)     For such other and further relief as may be just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues triable by jury in this matter.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 25th day of June 2021.



P.O. Box 195168
San Juan, P.R. 00919-5168
Tel.: 787.766.7000
Fax: 787.766.7001

By: */s/Maristella  Collazo-Soto*
Maristella  Collazo-Soto
USDC-PR No. 228606
Email: mcollazo@ferraiuoli.com

By: */s/Sheila  M. Cruz-Rodríguez*
Sheila M. Cruz-Rodríguez
USDC-PR No. 305814
Email: shcruz@ferraiuoli.com

Jorge Espinosa (*pro hac vice motion forthcoming*)
Florida Bar No. 779032
jorge.espinosa@gray-robinson.com

Francesca Russo (*pro hac vice motion forthcoming*)
Florida Bar No. 174912
francesca.russo@gray-robinson.com

**GRAYROBINSON, P.A.**
333 S.E. 2nd Avenue
Suite 3200
Miami, Florida 33131
Tel: 305-416-6880
Fax: 305-416-6887

*Attorneys for Plaintiff*
*easyGroup, LTD*